13-1369 -cv
*Henderson v. City of New York*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of July, two thousand fourteen.

PRESENT:    GUIDO CALABRESI,
            DENNY CHIN,
            RAYMOND J. LOHIER, JR.,
                    *Circuit Judges*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

HOWARD L. HENDERSON,
                    *Plaintiff-Appellant*,

                    v.                                    13-1369-cv

CITY OF NEW YORK, POLICE DEPARTMENT CITY
OF NEW YORK, POLICE COMMISSIONER
RAYMOND W. KELLY, NELDRA M. ZEIGLER, Deputy
Commissioner, Office of Equal Employment
Opportunity, CHARLES V. CAMPISI, Chief of the
Internal Affairs Bureau, DEPUTY CHIEF RAYMOND F.
KING, Internal Affairs Bureau, DEPUTY INSPECTOR
JAMES DUFFY, Field Services Division, CAPTAIN
GEORGE D. O'BRIEN, Internal Affairs Bureau Group
27, CAPTAIN JULIO C. ORDONEZ, JR., Internal Affairs

Bureau Group 27, LIEUTENANT BRESTER CREECH, Internal Affairs Bureau Group 27, LIEUTENANT RICHARD M. LEDDA, Internal Affairs Bureau Group 27, SERGEANT LES CATALANO, Internal Affairs Bureau Group 27, JOHN A. EGAN, Retired Sergeant, Southeast Queens Initiative, each defendant being sued in their individual and official capacity, GEORGE A. GRASSO, First Deputy Police Commissioner,

*Defendants-Appellees*.[1]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:  SCOTT A. KORENBAUM (Barry E. Janay, Law Office of Barry E. Janay, *on the brief*), New York, New York.

FOR DEFENDANTS-APPELLEES:  DRAKE A. COLLEY, Assistant Corporation Counsel (Edward F.X. Hart, Assistant Corporation Counsel, *on the brief*), *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, New York.

Appeal from the United States District Court for the Eastern District of New York (Block, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Plaintiff-appellant Howard L. Henderson appeals from a judgment of the district court dismissing his complaint alleging that the individual defendants-appellees, Henderson's former supervisors at the New York City Police Department (the "NYPD"), retaliated against him for filing a race discrimination claim.  Judgment was entered

---

[1] The Clerk of the Court is directed to amend the caption to conform to the above.

- 2 -

April 5, 2013 following a jury verdict in favor of defendants-appellees. On appeal, Henderson contends that (1) the district judge's conduct during the trial resulted in an unfair trial, and (2) the district court erred in declining to give a requested jury instruction. We assume the parties' familiarity with the facts, procedural history, and issues on appeal.

## 1. *The Trial Judge's Conduct*

In presiding over a trial, a district judge "has the duty to see that the facts are clearly presented," not merely to act as a "moderator." *Care Travel Co. v. Pan Am. World Airways, Inc.*, 944 F.2d 983, 991 (2d Cir. 1991) (internal quotation marks omitted). Accordingly, the judge may "summarize the evidence for the jury and, if he chooses, . . . comment on it," and he may also "interpose relevant questions to witnesses to clarify both legal and factual issues and thus minimize possible confusion in the jurors' minds." *Id.* (internal quotation marks and citation omitted); *see also United States v. Filani*, 74 F.3d 378, 385 (2d Cir. 1996) ("[T]he trial court may actively participate and give its own impressions of the evidence or question witnesses, as an aid to the jury."). In doing so, however, the judge may not "convey [his] view about the merits of a party's claim," *Berkovich v. Hicks*, 922 F.2d 1018, 1025 (2d Cir. 1991), "impose his own opinions on the jury," or "assum[e] the role of an advocate by making arguments to the jury," *Care Travel*, 944 F.2d at 992.

In deciding whether a district court has overstepped its bounds, we "must review the entire record and attempt to determine whether the conduct of the trial has been such that the jurors have been impressed with the trial judge's partiality to one side to the point that this became a factor in the determination of the jury." *United States v. Messina*, 131 F.3d 36, 39 (2d Cir. 1997) (internal quotation marks omitted).

Here, Henderson contends that the district court denied him a fair trial by: repeatedly taking over the questioning of witnesses; eliciting testimony that supported the defendant's arguments; affirming the testimony of defense witnesses as true; and mocking and chastising his counsel in the jury's presence. While the district court was an active participant in the trial, we are not persuaded that it overstepped its bounds to the extent that Henderson was denied a fair trial. The district court's frequent interventions to pose questions to witnesses were, as a whole, attempts to clarify factual issues for the jury or to move counsel along.

Furthermore, although the district court repeatedly admonished Henderson's trial counsel in the presence of the jury, and even eventually held him in contempt, it also admonished defendants' trial counsel[2] and was abrupt with witnesses associated with the defense.[3] It did not, at any rate, "convey[] to the jury the impression that it

---

[2] *See, e.g.*, J.A. at 660 (addressing defense counsel, the district court stated: "Don't say it. Don't go that direction, please. Before I put a noose around both your necks.").

[3] *See, e.g.*, J.A. at 551 ("[The Witness:] I would like to see it. [The Court:] One second. You don't have to see it. He read it to you.").

- 4 -

held a fixed and unfavorable opinion of [plaintiff], [his] counsel, and [his] position."

*Rivas v. Brattesani*, 94 F.3d 802, 807 (2d Cir. 1996).

Finally, the district court took care to instruct the jury during the course of trial as follows:

> [T]he important thing I want to tell you is that because I [admonished Henderson's trial counsel], I don't want you to think that I have a view of the case. You shouldn't think that I am prejudiced against Mr. Henderson because of that. It is just what happens in the human cauldron of a trial. And you have to understand that just because I was tough on [Henderson's trial counsel], I was only doing that to try to manage the trial to the best of my ability, and you are not to take that out against his client one iota. . . . [S]ometimes jurors may think that if the Judge is annoyed at a lawyer, that that means they should find against his client. You are not to do that . . . . It would be wrong for you to . . . say because the Judge . . . had to raise his voice and had to . . . admonish [Henderson's trial counsel] in your presence, that that means you should not hold for his client. That would be wrong. Strictly the evidence.

The district court gave a similar instruction when it charged the jury. Ultimately, despite a few perhaps ill-advised comments,[4] the district judge's conduct did not betray such "partiality to one side" that Henderson was denied a fair trial.

---

[4] For instance, in the jury's presence, the district court asked Henderson's counsel why he was "afraid" to directly ask former Commissioner Raymond Kelly why it took so long to reinstate Henderson to full duty: "Why don't you just ask him why did it take so long, I will let you ask that question if he knows the answer. Are you afraid to ask that question for some reason? Do it." J.A. at 693.

*2.*     *<u>The Jury Instruction</u>*

Henderson maintains that the district court erred by declining to give to the jury his requested instruction concerning the Patrol Guide provisions governing when an officer may be kept on modified duty.  This argument is unavailing.  The proposed instruction would have given the jury Henderson's interpretation of the Patrol Guide, when this was a matter in dispute.  The relevant provisions of the Patrol Guide were in evidence, witnesses had testified as to their meaning, and Henderson's counsel was permitted to argue to the jury that the NYPD failed to comply with the Patrol Guide and that its noncompliance supported an inference that defendants had retaliated against Henderson.  The parties were free to argue their interpretations of the provisions to the jury, and the district court was under no obligation to instruct the jury that Henderson's interpretation was correct.  Thus, the district court did not err in rejecting Henderson's requested jury charge.

We have considered Henderson's remaining arguments and conclude they are without merit.  Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk